**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David A. Birdsell, Chapter 7 Trustee, ) | No. CV-11-0484-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joseph Schneider, ) | |
| ) | |
| Defendant. ) | |
| ) | |

We have before us defendant Joseph Schneider's motion for withdrawal of the reference to the United States Bankruptcy Court (doc. 1), trustee's response (doc. 2), and defendant's reply (doc. 3).

Plaintiff is the Chapter 7 trustee of debtor Lori Kathleen Bryan's bankruptcy case. See In Re: Lori Kathleen Bryant, No. BK-10-15923. Plaintiff alleges that before debtor's filing for Chapter 7 relief, debtor paid $32,646.65 of the $36,500 purchase price of real property in Phoenix ("the property"). Defendant paid the balance, and defendant was then deeded the property. Trustee brought an adversary action against defendant, Birdsell v. Schneider, No. 10-AP-1954, seeking: (1) a declaratory judgment that debtor owns 89% of the property, as joint-tenant of the defendant; (2) authority to sell the property, pursuant to 11 U.S.C. § 363(h); (3) in the alternative, an equitable lien against the property in the amount of $32,636.65, plus 89% of the net proceeds of the sale of the property; (4) avoidance of an allegedly preferential transfer of $24,506 from debtor to defendant, pursuant to 11 U.S.C. §

1  547(b); and (5) avoidance of an allegedly fraudulent transfer of $43,000 from debtor to
2  defendant, pursuant to 11 U.S.C. § 548.  See Complaint, Birdsell v. Schneider, No.
3  10-AP-1954 (doc. 1).

4        The bankruptcy court has jurisdiction to "hear and determine all cases under title 11
5  and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C.
6  § 157(b)(1). In addition, bankruptcy judges may hear non-core proceedings that are "related"
7  to a bankruptcy case, but may only submit proposed findings of fact and conclusions of law
8  to the district court.  28 U.S.C. § 157(c)(1); see also Security Farms v. International Broth.
9  of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997).  Proceedings "arise under title 11 if they
10 involve a cause of action created or determined by a statutory provision of title 11."  In re
11 Marshall, 600 F.3d at 1054 (citations omitted).  Title 11 provides a non-exhaustive list of
12 "core proceedings." See 11 U.S.C. § 157(b)(2). "A bankruptcy judge may only determine
13 a claim that meets Congress' definition of a core proceeding and arises under or arises in title
14 11." In re Marshall, 600 F.3d 1037, 1055 (9th Cir. 2010) (citing 28 U.S.C. § 157(c)).

15       Trustee's claims against defendant are all core proceedings, as they affect "the
16 liquidation of the assets of the estate." See 28 U.S.C. § 157(b)(2)(O).  Moreover, some of
17 trustee's claims are specifically listed as core proceedings.  See 28 U.S.C. § 157(b)(2)(F)
18 ("proceedings to determine, avoid, or recover preferences"); § 157(b)(2)(H) ("proceedings
19 to determine, avoid, or recover fraudulent conveyances").  Therefore, the bankruptcy court
20 has jurisdiction to hear and determine trustee's claims.

21       However, where the bankruptcy court has jurisdiction, we may nonetheless withdraw
22 any case or proceeding "on timely motion of any party, for cause shown."  28 U.S.C. §
23 157(d).  In determining whether cause exists, we "consider the efficient use of judicial
24 resources, delay and costs to the parties, uniformity of bankruptcy administration, the
25 prevention of forum shopping, and other related factors." Vacation Village, Inc. v. Clark
26 County, Nev., 497 F.3d 902, 914 (9th Cir. 2007) (citing Security Farms, 124 F.3d at 1008).

27       There is no good cause for granting defendant's motion to withdraw.  These core
28 proceedings are normally handled in bankruptcy court.  Because of that court's unique

1  expertise, it would be an inefficient allocation of judicial resources to withdraw the claims.
2  Withdrawing the action would also be wasteful of the parties' resources and jeopardize the
3  uniformity of bankruptcy administration, because both the district court and bankruptcy court
4  would have to become familiar with facts about the estate and make determinations regarding
5  the parties' rights and obligations. In addition, defendant explicitly concedes that he is
6  attempting to forum shop. Defendant contends that trustee's response to his motion
7  demonstrates "a certain comfort from regularly appearing in bankruptcy court," and
8  withdrawal would place "this litigation in a forum not frequented by either party herein."
9  Reply at 2–3. The parties' relative experience in different forums is not a factor in
10 determining which court is best suited to handle these proceedings.

11         Defendant's request for a jury trial also does not constitute good cause to transfer the
12 matter to the district court at this time. The bankruptcy court may conduct a jury trial only
13 with the "express consent of all the parties." 28 U.S.C. § 157(e). But even if a party does
14 not consent, a "valid right to a Seventh Amendment jury trial in the district court does not
15 mean the bankruptcy court must instantly give up jurisdiction and that the action must be
16 transferred to the district court." In re Healthcentral.com, 504 F.3d 775, 788 (9th Cir . 2007).
17 Rather, the "bankruptcy court may retain jurisdiction over the action for pre-trial matters."
18 Id. Accordingly, even where withdrawal of the reference may ultimately be necessary, we
19 may choose not to withdraw immediately so as to take advantage of the bankruptcy court's
20 familiarly with the facts and expertise in the law. See National Hockey League v. Moyes,
21 2010 WL 3719289, *2 (D.Ariz. 2010) ("The majority of courts in this District addressing this
22 issue have held that bankruptcy courts generally are best equipped to manage all pretrial
23 issues and that the ultimate need for district court adjudication is speculative.").

24         Therefore, withdrawal at this time would be premature. Should a jury trial ultimately
25 be necessary, the action may be withdrawn to the district court after all pre-trial matters have
26 been resolved in the bankruptcy court. See In re Health.central.com, 504 F.3d at 788 ("Only
27 by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually
28 ready do we ensure that our bankruptcy system is carried out"). Moreover, there is no right

1 to a jury trial for many of trustee's causes of action. The Seventh Amendment guarantees
2 a right to jury trial for claims for damages, but not for equitable claims. See Granfinanciera,
3 S.A. v. Nordberg, 492 U.S. 33, 41, 109 S.Ct. 2782, 2790 (1989); see e.g. Perera Co., Inc. v.
4 Goldstone, 491 F.2d 386, 387 (9th Cir. 1974) ("enforcement of liens is a long established and
5 well recognized function of the courts of equity.").

6 Because withdrawal of this matter from the bankruptcy court would waste judicial
7 resources, increase delay and costs to the parties, jeopardize the uniformity of bankruptcy
8 administration, and promote forum shopping, there is no good cause to withdraw the
9 reference.

10 Therefore, **IT IS ORDERED DENYING** defendant's motion to withdraw the
11 reference to the bankruptcy court (doc. 1)

12 DATED this 21st day of April, 2011.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -